# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

KURT J. SHOTKO,

                  Plaintiff,

      v.

THE COUNTY OF LACKAWANNA,
PENNSYLVANIA, et al.,

                Defendants.

CIVIL ACTION NO. 3:23-CV-01328

(MEHALCHICK, J.)

## MEMORANDUM

This First Amendment action was brought by *pro se* Plaintiff Kurt Shotko ("Shotko") against The County of Lackawanna, Pennsylvania ("Lackawanna County" or the "County"), Lackawanna County Commissioners Joseph Notarianni, Debi Dominick, Joseph Chermak, and Lackawanna County employee Fred Dean (collectively "Defendants"). (Doc. 31, at 1). Shotko filed his Complaint on August 10, 2023. (Doc. 1). Defendants Notarianni, Chermak, Dominick, and Lackawanna County[1] filed a motion for summary judgment and a brief in support on January 8, 2024. (Doc. 17). After Shotko failed to file any response to the motion, the Magistrate Judge assigned to this matter issued two briefing orders directing that he file a brief in opposition and other required documents or risk this matter being dismissed. (Doc. 28; 29). Additionally, the Magistrate Judge directed Shotko to provide a correct address for Defendant Dean. (Doc. 30). Shotko failed to comply with these orders, and has neither provided the Court with an address for Defendant Dean nor filed any opposition to the Defendants' motion for summary judgment. On June 4, 2024, this matter was reassigned to

---

[1] Moving Defendants assert that the County has never employed anyone by the name of Fred Dean. (Doc. 17).

the undersigned District Judge. On June 4, 2024, Magistrate Judge Arbuckle issued a Report and Recommendation ("the Report") recommending this action be dismissed under Federal Rules of Civil Procedure Rule 41(b) due to Shotko's failure to prosecute his case. (Doc. 31). No objections to the Report have been filed by any party. For the following reasons, in accordance with Judge Arbuckle's recommendation, Shotko's complaint is **DISMISSED with prejudice**. (Doc. 31).

I.   LEGAL STANDARDS

    A.   DISTRICT COURT REVIEW OF A REPORT AND RECOMMENDATION

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). Where, as in this case, no objection is made, the court

should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

B. FAILURE TO PROSECUTE

By failing to file any opposition to Defendants' motion for summary judgment or otherwise respond to court orders, it appears that Shotko has abandoned this action. Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, the rule permits *sua sponte* dismissals by the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) (same). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *see also Mindek v. Rigatti*, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute his action, and therefore his action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion and will not be disturbed absent an abuse of discretion. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). In evaluating whether an action should be dismissed for failure to prosecute, a court must balance six factors:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other

than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984).

*Emerson*, 296 F.3d at 190.

The *Poulis* factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . ." *Mindek*, 964 F.2d at 1373. No one factor is determinative and not all of the *Poulis* factors must be met to warrant dismissal. *Mindek*, 964 F.2d at 1373; *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Instead, the decision must be made in the context of the court's extended contact with the litigant. Dismissal for failure to prosecute is appropriately labeled a "drastic sanction," however, because it is "deemed to be an adjudication on the merits, barring any further action between the parties." *Sebrell ex rel. Sebrell v. Phila. Police Dep't*, 159 F. App'x 371, 373 (3d Cir. 2005) (not precedential) (citing *Landon v. Hunt,* 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b)). In light of this framework, the Court finds that a careful assessment of the *Poulis* factors in the case at bar weighs heavily in favor of dismissing this action.

## II.  DISCUSSION

Since the Report adequately explains the background of this case, this Court will only include here what is necessary for the purposes of this Memorandum. (Doc. 31, at 2-3). The Report recommends implementing this Rule 41(b) sanction *sua sponte* due to Shotko's failure to prosecute his case. (Doc. 31, at 5). According to the Report, Shotko "has made adjudication of the case impossible." (Doc. 31, at 5). This Court considers each of the *Poulis* factors in turn. *See Poulis*, 747 F.2d at 868.

Consideration of the first factor, the extent of the party's personal responsibility, shows that the failures to comply with Court orders are entirely attributable to Shotko. Because

Shotko is a *pro se* litigant, he is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). "As a general rule, a *pro se* litigant is responsible for his failure to comply with court orders." *Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011) (not precedential); *see also Emerson*, 296 F.3d at 191; *Winston v. Lindsey*, Civ. No. 09-224, 2011 WL 6000991, at *2 (W.D. Pa. Nov. 30, 2011) (concluding that a *pro se* litigant "bears all of the responsibility for any failure to prosecute his claims"). Accordingly, this Court agrees with the Report that the first *Poulis* factor weighs in favor of dismissal. (Doc. 31, at 5-6); *Poulis*, 747 F.2d at 868.

As for the second *Poulis* factor, a finding of prejudice does not require "irremediable harm." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873–74 (3d Cir. 1994). Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d. Cir. 1984). Here, Shotko's delays wholly frustrate and delay resolution of this action. Going forward, such failure to litigate would prejudice Defendants, who without timely responses by Shotko, are not able to seek a timely resolution of the case, particularly with regard to Defendant Dean. *See Azubuko v. Bell National Organization,* 243 F. App'x 728 (3d Cir.2007). Accordingly, the Court agrees with the Report that the second *Poulis* factor weighs in favor of dismissal.

Turning to the third *Poulis* factor, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. "[C]onduct that

occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe*, 538 F.3d at 261. In deciding whether a history of dilatory conduct exists, this Court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." *Adams*, 29 F.3d at 875. Here, the Court has afforded Shotko more than one opportunity to file a response to the motion for summary judgment and update the address for Defendant Dean, and he has failed to do so. Further, Shotko has not communicated with the Court since he filed his complaint in August 2023. Accordingly, although the Report determined that Shotko's actions do not rise to the level of dilatory, the undersigned does, and finds that this factor also weighs in favor of dismissal.

The fourth *Poulis* factor requires the Court to consider whether the plaintiff's conduct was willful or in bad faith. *Poulis*, 747 F.2d at 868; *Adams*, 29 F.3d at 874. "[W]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. Such behavior "demonstrate[s] a willful disregard for procedural rules and court directives." *Gilyard v. Dauphin Cnty. Work Release*, No. 10-1657, 2010 WL 5060236, at *2 (M.D. Pa. Dec. 6, 2010). At this point in the case, Shotko has failed to comply with the Court's instructions directing him to take specific actions in this case and advising him how to do so. The Court is thus compelled to conclude that his actions are not accidental or inadvertent, but rather reflect an intentional disregard for the Court's directives and this case. *See Gilyard*, No. 10-1657, 2010 WL 5060236, at *2. Thus, the fourth *Poulis* factor weighs in favor of dismissal.

The fifth *Poulis* factor examines the effectiveness of sanctions other than dismissal. 747 F.2d at 868. Generally, "sanctions less than dismissal [are] ineffective when a litigant, such as [Shehadeh], is proceeding *pro se*." *See Lopez*, 435 F. App' x at 116; *Emerson*, 296 F.3d at 191 (per curium); *Nowland v. Lucas*, No. 1:10-CV-1863, 2012 WL 10559, at *6 (M.D. Pa. Jan. 3,

2012) ("This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize lesser sanctions to ensure that this litigation progresses in an orderly fashion."). Under the instant circumstances where the Court is faced with the complete lack of cooperation on the part of the individual who brought the action, the only appropriate sanction is dismissal. Otherwise, the case would linger indefinitely on the Court's docket. The instant case presents a scenario where Shotko's *pro se* status greatly limits the Court's ability to utilize other lesser sanctions to ensure that this action progresses in an orderly fashion. Thus far, the Court has issued orders advising Shotko of his obligations in this case, but to no avail. He still declines to follow the Orders. Since lesser sanctions have been attempted and have been unsuccessful, only the sanction of dismissal remains available to the Court. *See Stanley v. United States*, No. 1:CV-12-0123, 2014 WL 4546530, at *4 (M.D. Pa. Sept. 12, 2014). Accordingly, the fifth *Poulis* factor weighs in favor of dismissal.

The sixth and final *Poulis* factor considers the meritoriousness of the plaintiff's claim. *Poulis*, 747 F.3d at 870. A claim is deemed meritorious when "the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." *Poulis*, 747 F.2d at 870. "Generally, in determining whether a plaintiff's claim is meritorious, [courts] use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe*, 538 F.3d at 263 (citing *Poulis*, 747 F.2d at 869-70). Shotko's uncooperativeness makes this analysis impossible as he has not followed any of the court's directives, and Defendants have provided an unopposed summary judgment motion that appears to be meritorious. (Doc. 31, at 9). Therefore, the sixth factor weighs in favor of dismissal.

## III.   CONCLUSION

For the foregoing reasons, the Court agrees with the sound reasoning in the Report and finds no clear error on the face of the record. (Doc. 31). This Court will therefore adopt the Report and Recommendation in its entirety. An appropriate Order will follow.

DATE: September 20, 2024                    BY THE COURT:

                                           s/ Karoline Mehalchick
                                           KAROLINE MEHALCHICK
                                           United States District Judge